UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| JOHN DAVID BROOKINS, | : |
|     Plaintiff, | : |
| | : |
| v. | :    No. 2:20-cv-3548 |
| | : |
| JOHN WETZEL, | : |
| TAMMY FERGUSON, | : |
| KENNETH GOODMAN, | : |
| JOHN DOES 1-20, | : |
|     Defendants. | : |

_____

**O R D E R**

AND NOW, this 8th day of October, 2020, upon consideration of Plaintiff John David Brookins's Motion to Proceed *In Forma Pauperis*, ECF No. 5, his Prisoner Trust Fund Account Statement, ECF No. 6, and his *pro se* Complaint, ECF No. 1, it is **ORDERED** that:

    1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

    2.    John David Brookins, #BW-7444, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. Because Brookins has made a $100.00 partial payment that satisfies the requirement of § 1915(b)(1), no additional initial payment is required. In each succeeding month when the amount in Brookins's inmate trust fund account exceeds $10.00, the Superintendent of SCI-Phoenix or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Brookins's inmate account until the balance of the $350.00 fee is paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent of SCI-Phoenix.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED in part with prejudice and in part without prejudice** for the reasons stated in the Court's Memorandum as follows:

   a. The Eighth Amendment, Fourth Amendment, and Fourteenth Amendment claims, and all official capacity claims, are **DISMISSED with prejudice**.

   b. The First Amendment claim and the supervisor liability/failure to train claim are **DISMISSED without prejudice** and with leave to file an amended complaint.

6. Brookins may file an amended complaint within thirty (30) days of the date of this Order only as to those claims dismissed without prejudice. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Brookins's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Brookins should be mindful of the Court's reasons for dismissing the claims in his Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. The Clerk of Court is **DIRECTED** to send Brookins a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Brookins may use this form to file his amended complaint if he chooses to do so.

8. If Brookins does not wish to file an amended complaint and instead intends to stand on his original Complaint, he may file a notice with the Court within thirty (30) days of the

date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9.  If Brookins fails to file any response to this Order, the Court will conclude that Brookins intends to stand on his Complaint and will issue a final order dismissing this case.[1]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary.").

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**